PHILLIP A. TALBERT
United States Attorney
HENRY Z. CARBAJAL III
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>TERRANCE JOHN COX,<br>         Defendant. | CASE NO. 1:22-CR-00214-NODJ-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: January 24, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

  This case is set for status conference on January 24, 2024.  As set forth below, the parties now move, by stipulation, to continue the status conference to March 27, 2024, at 1:00 p.m. and to exclude the time period between January 24, 2024 and March 27, 2024 under the Speedy Trial Act.

**STIPULATION**

  Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

  1. By previous order, this matter was set for status on January 24, 2024.

  2. By this stipulation, defendant now moves to continue the status conference until March 27, 2024, and to exclude time between January 24, 2024, and March 27, 2024, under 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv) [Local Codes T2 and T4].

  3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case is

extremely voluminous and includes large amounts of digital forensic evidence, several hundreds of thousands of pages of financial records and reports, evidence obtained by search warrant, and extensive other evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government has also copied digital evidence onto a hard drive provided by the defense, and produced that material to the defense. The government anticipates transmitting a plea offer to the defendant between now and the next status conference.

      b)     Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct further investigation and research related to the charges, to continue to review voluminous discovery including any supplemental discovery, to receive and consider any plea offer received from the goverment, and to evaluate potential pretrial motions. Counsel for defendant requires additional time to analyze produced material, and the volume of discovery and its complexity, including hundreds of thousands of pages of Bates stamped material and large amounts of digital evidence.  Thus, a continuance of the status conference is necessary for continuity of counsel and to facilitate defense investigation and preparation.

      c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)     The government does not object to the continuance.

      e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 24, 2024 to March 27, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 18, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ HENRY Z. CARBAJAL III
HENRY Z. CARBAJAL III
Assistant United States Attorney

Dated: January 18, 2024

/s/ MARK W. COLEMAN
MARK W. COLEMAN
Counsel for Defendant
Terrance John Cox

### ORDER

IT IS SO ORDERED that the status conference is continued from January 24, 2024, to **March 27, 2024, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv). The Court intends to set a trial date at the next status conference. If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS SO ORDERED.

Dated: **January 19, 2024**                      /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE