PHILLIP A. TALBERT
United States Attorney
HENRY Z. CARBAJAL III
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00214-NODJ-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| TERRANCE JOHN COX, | DATE: March 27, 2024 |
| Defendant. | TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on March 27, 2024. As set forth below, the parties now move, by stipulation, to continue the status conference one final time to May 22, 2024, at 1:00 p.m. and to exclude the time period between March 27, 2024 and May 22, 2024 under the Speedy Trial Act.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 27, 2024.

2. By this stipulation, defendant now moves to continue the status conference until May 22, 2024, and to exclude time between March 27, 2024, and May 22, 2024, under 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv) [Local Codes T2 and T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case is

extremely voluminous and includes large amounts of digital forensic evidence, several hundreds of thousands of pages of financial records and reports, evidence obtained by search warrant, and extensive other evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government has also copied digital evidence onto a hard drive provided by the defense, and produced that material to the defense.  The government has transmitted a plea offer to defense.

b) Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct further investigation and research related to the charges, to continue to review voluminous discovery including any supplemental discovery, and to evaluate potential pretrial motions.  The defendant received and is considering the government's plea offer.  The parties are in active negotiations on a resolution.  The defense has requested additional information from the government and the government is in the process of responding.  Counsel for defendant requires additional time to complete its analysis of the discovery, the plea offer, and any additional information from the government.  The parties are requesting, consistent with the Court's previous minute order, one final continuance of the status conference.  The parties anticipate that prior to the next status conference date they will request either a change of plea hearing or a trial date.  Thus, a continuance of the status conference is necessary for continuity of counsel and to facilitate defense investigation and preparation.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 27, 2024 to May 22, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv) [Local

Codes T2 and T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 19, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ HENRY Z. CARBAJAL III
HENRY Z. CARBAJAL III
Assistant United States Attorney

Dated: March 20, 2024

/s/ MARK W. COLEMAN
MARK W. COLEMAN
Counsel for Defendant
Terrance John Cox

### ORDER

IT IS SO ORDERED that the status conference is continued from March 27, 2024, to **May 22, 2024, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv). The Court will not grant further continuances, absent good cause, which will be narrowly construed, and will set a trial date at the next status conference if the case is not resolved in advance of that status hearing.

IT IS SO ORDERED.

Dated: **March 20, 2024**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE