1  PHILLIP A. TALBERT
   United States Attorney
2  HENRY Z. CARBAJAL III
   JEFFREY A. SPIVAK
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6
   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

11

12 | UNITED STATES OF AMERICA,        | CASE NO. 1:22-CR-00214-NODJ-BAM
   |                                  |
13 |                      Plaintiff,  | STIPULATION TO VACATE STATUS
   |                                  | CONFERENCE, SET CHANGE OF PLEA
   |             v.                   | HEARING AND EXCLUDE TIME; ORDER
14 |                                  |
   | TERRANCE JOHN COX,               | DATE: May 22, 2024
15 |                      Defendant.  | TIME: 1:00 p.m.
   |                                  | COURT: Hon. Barbara A. McAuliffe
16

17     This case is set for status conference on May 22, 2024. As set forth below, the parties now

18 move, by stipulation, to vacate the status conference, set a change of plea hearing before a United States

19 District Judge for July 29, 2024, at 8:30 a.m., and to exclude the time period between May 22, 2024 and

20 July 29, 2024 under the Speedy Trial Act.

21                                   **STIPULATION**

22     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

23 through defendant's counsel of record, hereby stipulate as follows:

24     1.     By previous order, this matter was set for status conference on May 22, 2024.

25     2.     By this stipulation, defendant now moves to vacate the status conference date of May 22,

26 2024, and reset the matter for change of plea before a United States District Judge on July 29, 2024 at

27 8:30 a.m., and to exclude time between May 22, 2024, and July 29, 2024, under 18 U.S.C.§

28 3161(h)(7)(A), (B)(ii), B(iv) [Local Codes T2 and T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case is extremely voluminous and includes large amounts of digital forensic evidence, several hundreds of thousands of pages of financial records and reports, evidence obtained by search warrant, and extensive other evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has also copied digital evidence onto a hard drive provided by the defense, and produced that material to the defense.

b) Counsel for defendant and the government request that the status conference date be vacated and the matter set for change of plea before a United States District Judge. The parties request a change of plea hearing on July 29, 2024 to allow the parties to finalize plea terms and file change of plea documents. Further, counsel for defendant is recovering from a recent illness and medical procedure and requires additional time to consult with his client, to conduct further investigation and research, and to meet with the government to finalize pre-trial resolution of the case. Thus, the parties request a change of plea hearing, and exclusion of Speedy Trial Act time until the hearing, for continued defense investigation, case preparation, and the Court's consideration of forthcoming plea documents.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 22, 2024 to July 29, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(ii), B(iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 15, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ HENRY Z. CARBAJAL III
HENRY Z. CARBAJAL III
Assistant United States Attorney

Dated:  May 15, 2024

/s/ MARK W. COLEMAN
MARK W. COLEMAN
Counsel for Defendant
Terrance John Cox

## ORDER

IT IS SO ORDERED that the status conference set for May 22, 2024 at 1:00 p.m is VACATED. The matter is set for change of plea hearing on **July 29, 2024, at 8:30 a.m. in Courtroom 5 before the District Court Judge**. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to July 29, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:  **May 15, 2024**                             /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE